## GALLAGHER v. THE STATE.

Section 18 of the act approved November 18, 1915 (Georgia Laws, 1915, Extraordinary Session, pp. 90, 101), prescribing the size of bottles or receptacles in which prohibited liquors must be contained, etc., applies not only to liquors brought into the State under the provisions of the act, but also to "liquors theretofore or otherwise brought into the State."

MAY 16, 1917.

Questions certified by Court of Appeals (Case No. 7822).

*D. G. Fogarty,* for plaintiff in error.

*W. Inman Curry, solicitor,* contra.

HILL, J. As shown by the certificate of the Court of Appeals in this case, the court instructed the jury as follows: "I further charge you that if you find from the evidence that the defendant had whisky in bottles or receptacles less than a quart, then that is a violation of law, and that raises the presumption that the defendant had the liquor for the purpose of illegal sale." We are asked: "Was this charge in accordance with the provisions of section 18 of the act of the General Assembly of Georgia, approved November 18, 1915 (Georgia Laws, 1915, Extraordinary Session, p. 101); or was it the intention of the legislature that the provisions of this act should apply only to such prohibited liquors as were brought into this State under the provisions of that act, and not to liquors theretofore or otherwise brought into the State?" Section 18 of the act referred to is as follows: "Be it further enacted by the authority aforesaid, that when more than one quart of the liquors mentioned in section 1 of this act or prohibited liquors is received or had in possession, it must be in bottles or receptacles of a capacity of not less than one quart; and when a quart or less is so received or possessed, it must be contained in one receptacle or bottle. Failure to observe the provisions or either of them shall constitute prima facie evidence that said liquors are kept or had in possession for sale or other unlawful disposition; and it shall be unlawful to receive or possess the liquors in quantities mentioned in receptacles or bottles that do not conform to the above requirements; but this section shall not apply to malted or similar fermented liquors such as beer, lager beer, or porter or ale." In the caption of the act under consideration it was declared that it was "An act to further mitigate the evils of intemperance and to make more effective the laws touching the sale and *keeping on hand* of

certain prohibited liquors and beverages; . . by prescribing and limiting the quantities of such liquors and the containers thereof which any individual *may have,* receive or *possess,"* etc. In other sections of the act the legislature had dealt at length with the question of the quantity of the prohibited liquors which might be lawfully obtained by any one person and the method by which it was to be handled and delivered by the common carrier, and section 18 evidently was intended to carry out the purpose declared in that part of the caption (above quoted) with reference to prescribing the containers in which it might be lawfully kept or possessed. The reference in section 18 to section 1 was to make clear to what class of liquors section 18 had reference, that is, "any spirituous, vinous, malted, fermented, or other intoxicating liquors," as mentioned in that section. This reference was merely for the purpose of defining the *kinds* of liquors being dealt with, and not to limit the provisions of section 18 to such of these kinds as were shipped into the State pursuant to the terms of the act. That such was the intent of the legislature is made clear by adding after the words, "liquors mentioned in section 1 of this act," the additional words, "or prohibited liquors," thus showing that the words here used were merely for the purpose of defining upon what kinds of liquors section 18 was to operate, and that it was intended to provide that all the *class* of liquors dealt with in the entire act were to be regulated by section 18 as to the size of receptacles, etc., in which they were to be contained. In an act passed by the same session the day before the passage of the act we are considering, the legislature made an extended definition of what should be embraced in the term "prohibited liquors and beverages," and therein expressly provided that they were so defined "whether used in this act or in any other acts to promote temperance or to suppress the evils of intemperance." (See Georgia Laws, 1915, Extraordinary Session, p. 79, sec. 1.) The definition made by the legislature the preceding day must have been in mind and referred to when on the following day they employed the words, "or prohibited liquors," in section 18; and there could have been no intention in that section to make reference merely to liquors which might be brought into the State under the terms of that act. In the light of the above, the words in section 18, "is received or had in possession," and "so received or possessed," must be construed as in-

tending to include prohibited liquors, whether received by shipments within the permission of the act, or from any other source, or already in possession at the time of the enactment of the law of which section 18 forms a part; and it was the purpose of that section to prohibit the having in possession of all such liquors other than in bottles or receptacles as therein prescribed. This being true, the charge quoted in the certified question was in accordance with the provisions of section 18 of the act.

*All the Justices concur.*